1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

# CONNOLLY GALLAGHER LLP

**Arthur G. Connolly, III**
Partner

DIRECT DIAL: (302) 888 6318
EMAIL: AConnolly@connollygallagher.com

October 1, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

    Re:    *IpLearn, LLC v. Blackboard, Inc.*, C.A. No. 11-876 (RGA)

Dear Judge Andrews:

    Plaintiff IpLearn, LLC ("IpLearn") respectfully submits this letter requesting that the Court limit the number of claim terms to 20 for purposes of claim construction. Defendant Blackboard Inc. ("Blackboard") currently contends that there are 62 claim terms that require construction, only 14 of which both parties agree would benefit from construction. IpLearn has met and conferred with Blackboard on several occasions over the course of the past month in an attempt to reduce this number. While Blackboard has reduced the number of terms from its original identification of 105 terms, it has refused any further reduction. Because IpLearn's opening claim construction brief is due this Wednesday (Oct. 3, 2012), IpLearn requests the Court's assistance in reducing the number of claim terms.[1] At least the following reasons support IpLearn's request for relief:

    (1)    <u>Several claim terms identified by Blackboard do not require construction</u>. The 62 claim terms Blackboard argues must be construed include such common-place terms as: "system"; "monitor[ing/ed]"; "retriev[e/ing/es]"; "register"; "computer-aided/computer implemented"; "drawing"; "generat[e/ed/ing]"; "rules"; "weakness"; "materials related to the learner"; "perform a task"; "attribute"; "identified"; and "enterprise." These and other terms identified by Blackboard are not technical terms, and are about as clear as they come. Claim construction is "not an obligatory exercise in redundancy." *United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). Where a term is used in accordance with its plain meaning, as are many of the terms identified by Blackboard, the court need not re-characterize it using different language. *See Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1380 (Fed. Cir. 2001).

---

[1] Because Blackboard's identification of 105 claim terms for construction, and now 62 claim terms for construction has impeded IpLearn's ability to adequately prepare its opening claim construction brief, IpLearn also requests an extension of one week for its opening brief.

The Honorable Richard G. Andrews
October 1, 2012
Page 2

(2) **Blackboard's approach to claim construction prejudices IpLearn.** The claim construction process adopted by the Court is premised on an open exchange of the parties' disputes in order to focus the issues for the Court and, ultimately, jury. Blackboard's approach to claim construction, however, is to obscure its key issues, leaving IpLearn in the dark as to the claim terms that Blackboard truly believes are critical. Indeed, Blackboard began the claim construction process by e-mailing IpLearn a laundry list of 105 claim terms for construction. Ex. A (Blackboard's initial identification of claim terms). This so-called identification of claim terms failed to even specify the patents or claims to which the terms were related. In other words, Blackboard provided a list of 105 words divorced from context. IpLearn immediately objected. Exs. B & C. And as a result, Blackboard subsequently served an amended list, and then a second amended list. Exs. D & E. But even now Blackboard continues to assert an unreasonable number of claim terms for construction. Blackboard's continuing refusal to identify the key terms it believes are material in this case prejudices IpLearn. As one example, Blackboard's delay and continuing refusal to reduce the number of claim terms prejudices IpLearn's ability to prepare its opening claim construction brief.

(3) **IpLearn's requested relief is consistent with this Court's past practices.** This Court has previously held that 20 terms is a reasonable limit for claim construction. In *Rovi Corp., et al., v. Amazon.com, Inc., et al.*, C.A. No. 11-003-RGA (D. Del. Mar. 2, 2012), for instance, the Court ordered that "the parties shall agree on no more than twenty (20) terms, and follow the page limits in the Local Rules." Ex. F at 2. (After a subsequent conference with the parties, the Court increased the number to 24 at least in part to account for means plus function claims, which is not an issue in this case.) Likewise, in *Masimo Corp. v. Philips Electronics North America Corp., et al.*, C.A. No. 9-80-LPS-MPT (D. Del. Oct. 4, 2010), the Court limited the number of claim terms to be construed to 20. Ex. G at 3. This case is not so different from either of those cases, in terms of the number of patents-in-suit or subject-matter complexity, to warrant departure from the limits imposed those cases.[2]

(4) **IpLearn has proactively offered to reduce the number of asserted claims by nearly a half.** In an attempt to further reduce the number of claim terms identified by Blackboard from 62 to 20, IpLearn indicated to Blackboard that it would be willing to reduce the number of asserted claims by nearly a half (resulting in 55 total asserted claims), with the reservation that IpLearn could reassert any dropped claim for good cause. Ex. H. Although IpLearn was willing to make this reduction in its asserted claims, Blackboard rejected IpLearn's proposal.

---

[2] Although this case involves 11 asserted patents, there is significant overlap between each of the patents. The patents share the same inventors and patent prosecutors, are all directed to training/educational systems, and many share the same or same-in-part specifications. Indeed, Blackboard itself has acknowledged that "some" of the patents are "very similar" and that they can be grouped into three groups. D.I. 153-1 at 10:15-19 (1/27/12 Rule 16 Hearing Tr.).

The Honorable Richard G. Andrews
October 1, 2012
Page 3

      IpLearn has sought to present narrowed and focused claim construction disputes on key terms for the Court's *Markman* hearing. It has offered to drastically reduce the number of asserted claims in an effort to convince Blackboard to make a reciprocal reduction of the number of claim terms for construction. It has also met and conferred with Blackboard on several occasions over the past month, explaining that several terms identified by Blackboard simply do not require construction, that Blackboard's list of terms is unreasonable and unworkable, and providing authority from this Court limiting the number of claim terms for construction. Yet Blackboard has rejected IpLearn's attempts to focus on the key terms in dispute, and, in doing so, has prejudiced IpLearn's ability to prepare its opening claim construction brief. IpLearn, therefore, respectfully requests that the Court limit the number of claim terms to 20.[3]

                                                Respectfully submitted,

                                                /s/Arthur G. Connolly, III

                                                Arthur G. Connolly, III (#2667)

---

[3] Blackboard has indicated that it will request that the Court limit the number of asserted claims in this case. Blackboard's anticipated request should be rejected. IpLearn has already offered to reduce the number of asserted claims by nearly a half, and any further reduction would be premature in light of the relatively early stage of discovery in this matter. Ex. H.