

Gregory E. Stuhlman
Tel (302) 661-7381
Fax 302-661-7162
stuhlmang@gtlaw.com

October 2, 2012

**VIA E-FILING AND HAND DELIVERY**

Hon. Richard G. Andrews, U.S.D.J.
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

      Re:    *IpLearn, LLC v. Blackboard Inc.*, Case No. 11-876 (RGA)

Dear Judge Andrews:

      Defendant Blackboard Inc. ("Blackboard") respectfully submits this letter in response to IpLearn, LLC's ("IpLearn" or "Plaintiff") request to have the Court limit the number of claim terms to twenty. As demonstrated below, the large number of claim terms in dispute is a direct result of Plaintiff's own actions. Specifically, on September 27, 2011, IpLearn filed the instant action, accusing Blackboard of infringing eleven patents. Furthermore, on April 27, 2012, IpLearn served its Disclosures Pursuant to Section 4(c) of the Delaware Default Standard for Discovery of Electronically Stored Information ("Infringement Contentions"), identifying **100** asserted claims across the eleven patents-in-suit.

      Recognizing that eleven asserted patents would likely result in an extremely difficult case to manage, Blackboard requested early on that IpLearn limit the number of asserted claims to twenty. (January 10, 2012 proposed Scheduling Order (Dkt No. 13)). Judge Stark, presiding over this action at that time, declined to adopt Blackboard's request at the Rule 16 conference: "In terms of the number of asserted claims, the Court is not going to require that there be a reduction of asserted claims at this early point in the case and is also not going to require a limitation on the number of prior art references at this early point in the case. As both parties recognize, those reductions will need to be made and they will need to be made in a reasonable time and manner. The case will need to be limited to a manageable number of asserted claims and a manageable number of prior art references, but at the beginning of the case, before fact discovery has even begun, the Court is not persuaded there is a need right from the get-go to impose such limitations." (Ex. A at 19).

      After receiving IpLearn's Infringement Contentions, Blackboard carefully reviewed all 100 asserted claims in order to identify the claim terms in need of construction. As correctly pointed out by IpLearn, Blackboard originally identified 105 terms -- a number commensurate with IpLearn's 100 asserted claims. Moreover, after IpLearn requested that Blackboard reduce the number of claim terms in dispute, Blackboard substantially pared its list down to the current 62 terms (substantially less than one term per asserted claim). Despite Blackboard's showing

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE



Hon. J. Richard G. Andrews
October 2, 2012
Page 2

of good faith, IpLearn has still yet to drop even one of its 100 asserted claims.[1] Needless to say, if Plaintiff would substantially narrow the number of claims in dispute, the parties would be able to reduce the claim terms in dispute.

On September 20, 2012, IpLearn finally offered to reduce the amount of asserted claims from 100 to 55 <u>provided that Blackboard agree to the following conditions</u>: "(1) IpLearn is not precluded in any manner from later asserting any of the remaining claims asserted in IpLearn's disclosures pursuant to paragraph 4(c) of the Default Standard and (2) Blackboard will reduce the number of disputed claim terms to 20." (Ex. C). Blackboard responded the following day, stating that IpLearn's proposal was unacceptable as this proposal would permit Plaintiff to reassert the dropped claims against Blackboard (in this or any other action). (Ex. D). IpLearn's counsel responded on September 22, 2012, making the virtually identical proposal.[2] (Ex. E). On September 24, 2012, Blackboard rejected IpLearn's proposal for the identical reasons that it rejected IpLearn's initial proposal. (Ex. F).

In its October 1, 2012 submission, IpLearn argued that a reduction of the asserted claims would be "premature in light of the relatively early stage of discovery in this matter." (Dkt No. 43 at 3 n.3). However, this case is far from its infancy. For example, between March 28 and June 5, 2012, Blackboard produced over 145,000 pages of "core technical documents," pursuant to paragraph 4(b) of the Default Standard of Discovery, Including Discovery of Electronically Stored Information (the "Default Standard").[3] Blackboard also served its Initial Invalidity Contentions on May 19, 2012. Similarly, IpLearn served its Infringement Contentions on April 27, 2012 and had its expert review Blackboard's source code for the accused products. Moreover, Judge Stark expressly stated at the Rule 16 Scheduling Conference that the "reductions [requested by Blackboard] will need to be made and they will need to be made in a reasonable time and manner." (Ex. A at 19). In short, this action has progressed significantly since Judge Stark's previous comments.

Consistent with Judge Stark's mandate, district courts throughout the country, including the District of Delaware, have repeatedly required plaintiffs to limit their asserted claims. For example, in *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*, Case No. 1:04-cv-0038, 2005 WL 2304190, at *1 (D. Del. Sept. 20, 2005), the plaintiff had asserted 90 claims across 8 patents, leading the defendants to file a motion seeking to limit the number

---

[1] On September 17, 2012, IpLearn noted Blackboard's substantial reduction in claim terms to be construed but argued that "the current number of terms is still impractical." (Ex. B). Not surprisingly, IpLearn sees nothing "impractical" in asserting 100 claims.

[2] Although IpLearn suggests in its October 1 submission that it offered to reduce the number of asserted claims "with the reservation that [it] could reassert any dropped claim for good cause," no such offer was ever made. (Dkt No. 43 at 2). To the contrary, IpLearn simply suggested that it "will agree not to reassert a 'dropped' claim unless the claim raises a separate legal issue (such as infringement, validity, or damages) from those raised by the selected claims if Blackboard agrees to reduce the number of disputed claim terms from 62 to 20." (Ex. E). In short, Plaintiff never agreed that it would be precluded from reasserting a "dropped" claim absent a finding of "good cause" by the Court.

[3] The Default Standard was expressly incorporated into the Scheduling Order entered by Judge Stark. (Dkt. No. 18).

**GT GreenbergTraurig**

Hon. J. Richard G. Andrews
October 2, 2012
Page 3

of asserted claims. Finding that the "number of asserted claims is unreasonable," the Court granted defendants' motion and ordered the plaintiff to reduce the number of asserted claims to 10 prior to the *Markman* hearing. *Id.* at *3. Similarly, in *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 902-03 (Fed. Cir. June 15, 2011) (Ex. G), the Federal Circuit affirmed the Central District of California's decision limiting the plaintiff to 15 asserted claims across 7 asserted patents. *Id.* at 900 (stating that the district court granted defendant's motion to limit the number of asserted claims prior to the parties filing *Markman* briefs); *see also Oasis Research, LLC v. Adrive LLC*, No. 4:10-cv-435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011) (ordering plaintiff to reduce its asserted claims from between 88 and 121 claims from 4 patents against each of 8 defendants to 31 total claims); *Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06–CV–528 (E.D. Tex. July 31, 2008) (ordering plaintiff to reduce its asserted claims from over 200 to 40 on or before the due date for its opening *Markman* brief) (Ex. H).[4]

Finally, IpLearn also contends that many of the claim terms identified by Blackboard do not need construction as they are "common-place terms." (Dkt No. 43 at 1). However, it is well-settled that "'the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (*en banc*) (quoting *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998)). Moreover, "the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." *Id.* Blackboard understands and recognizes IpLearn's belief that the alleged inventors provided no such special definition for any of the claim terms in dispute. However, Blackboard disagrees and the very purpose of the *Markman* process is to permit both sides to set forth their positions to the Court. As explained by the Federal Circuit, "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). Under IpLearn's proposal, Blackboard would be precluded from doing so. For all of the foregoing reasons, Blackboard respectfully requests that the Court deny IpLearn's request to limit the number of claim terms in dispute. Alternatively, Blackboard respectfully requests that the Court order IpLearn to reduce the number of asserted claims to a more manageable amount (such as twenty), enabling Blackboard to further reduce the number of claim terms which require construction.

Respectfully submitted,

Gregory E. Stuhlman (Del. No. 4765)

Attachments

---

[4] Further, IpLearn's reliance *on Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C.A. No. 9-80-LPS-MPT (D. Del. Oct. 4, 2010) is misplaced. Although Plaintiff correctly points out that the Court in that case "limited the number of claim terms to be construed to 20," IpLearn conveniently omits the fact that the Court also required the parties to reduce the number of patents being asserted from 14 to 4. *Id.* at 3 (reducing the number of patents asserted by the plaintiff from 8 to 4 and by defendant Philips Electronics North America Corporation from 6 to 3).