IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IpLearn, LLC,**<br>　　　　　　Plaintiff;<br>　　v.<br>**Blackboard, Inc.,**<br>　　　　　　Defendant. | Civil Action No. 11-cv-876-RGA |
| **IpLearn, LLC,**<br>　　　　　　Plaintiff;<br>　　v.<br>**K12, Inc.,**<br>　　　　　　Defendant. | Civil Action No. 11-cv-1026-RGA |

MEMORANDUM ORDER

The Defendants Blackboard Inc. and K12 Inc. move this court to find certain terms in U.S. Patent Nos. 6,398,556 ('556 Patent) and 6,688,888 ('888 Patent) as indefinite under 35 U.S.C. § 112. (11-cv-876 D.I. 200; 11-cv-1026 D.I. 201).[1] The motions are fully briefed. (D.I. 202; 11-cv-1026 D.I. 203). The Court heard oral argument on August 19, 2014. (D.I. 246). The Defendants' motions are **DENIED** for the reasons stated below.

**Legal Standard**

The Patent Act requires that patent claims "particularly point[] out and distinctly claim[] the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112 (b). The Supreme Court has recently held that "a patent is invalid for indefiniteness if its

---

[1] Unless specifically stated otherwise, any reference to the docket is to case 11-cv-876.

1

claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). As 35 U.S.C. § 282 requires that a patent be presumed valid, it is necessary that an invalidity defense be proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011).

## Discussion

The Defendants argue that term "the user" in claims 8, 66, and 74 of the `556 Patent and the phrase "[considers/considering] at least a preference of the learner, other than the fact that the learner might prefer to learn the subject" in claims 9 and 35 of the `888 patent are indefinite in light of *Nautilus*. (D.I. 200 at 4) Specifically, the Defendants argue that the aforementioned terms "do not provide reasonable certainty to one of ordinary skill in the art as to the scope of the invention. . . ." *Id.* at 5. The Plaintiff argues both that there is nothing unclear about the claim terms as construed by the Court and that the Defendants have not meet their requisite burden, namely presenting to the Court expert testimony indicating whether a person of ordinary skill in the art ("POSITA") at the time of the drafting of the claim would have reasonable certainty as to what the inventor claimed. (*See* D.I. 202; 11-cv-1026 D.I. 203). The Court agrees with the Plaintiff.

While the Defendants provided ample argument as to why the claim terms are indefinite, they failed to provide any evidence that a POSITA would not understand, with reasonable certainty, what the inventor had claimed. For example, while the Defendants argue that the term "consider," within the field of computing sciences, "is generally meaningless without some indication as to what action must be taken," the Defendants provided no citation to support this

2

argument. (D.I. 200 at 12). Furthermore, while the term "the user" is certainly difficult to construe, there was no evidence that after the Court construed the term, a POSITA at the time the claim was patented would fail to understand the claim's scope. This lack of evidence was highlighted at oral argument when the Defendants were asked on several occasions what evidence they had regarding a POSITA's understanding of the claim, and on each occasion failed to directly address the Court's question. In fact, in one of the rare instances where Counsel did provide the Court with citations to the record, the citations did not provide the evidence the Court was asking for. For example, when asked by the Court if a POSITA would understand the claim, Plaintiff's counsel directed the Court's attention to page 5 of their July 3rd, 2014 reply brief. (D.I. 246 at 15). However, when the Court examined that page, along with the reference to paragraph 172 of Dr. Kris Jamsa's report, neither made any reference to a POSITA. (D.I. 179 at 58). Dr. Jamsa knew what a POSITA was. *Id.* at 23. Dr. Jamsa referred to a POSITA in making other invalidity arguments. *Id.* at 59 ¶ 175. Thus, he knew how to refer to a POSITA when he thought it appropriate to do so.

Therefore, for the aforementioned reasons, the Defendants' Motions for Infiniteness (11-cv-876 D.I. 200; 11-cv-1026 D.I. 201) are **DENIED**.

Entered this 26th day of August, 2014.

/s/ Richard G. Andrews
United States District Judge

3