# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IPLEARN, LLC,

    Plaintiff,

v.

BLACKBOARD INC.,

    Defendant.

C.A. No. 11-876 (RGA)

## MEMORANDUM ORDER

Before the Court is Plaintiff's *Daubert* Motion to Exclude Portions of the Expert Testimony of Dr. Kris Jamsa and Dr. Douglas Clark. (D.I. 159). It is fully briefed. (D.I. 159, 218, 243). For the reasons stated below, it will be **DEFERRED IN PART and DENIED IN PART**.

This motion is a *Daubert* motion. Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Court of Appeals has explained:

Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his on her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally,

1

> Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
>
> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury. *See Daubert* ("Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a) [of the Federal Rules of Evidence] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.").

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404-05 (3d Cir. 2003).[1]

Plaintiff's Motion seeks to exclude testimony from Defendant's invalidity expert, Dr. Kris Jamsa, because he did not know that 35 U.S.C. § 282 presumed patents are valid and that invalidity is proven by clear and convincing evidence, and because portions of his expert report were prepared in collaboration with others. (D.I. 159 at pp.1-2). Plaintiff's Motion also seeks to exclude testimony from Defendant's non-infringement expert, Dr. Douglas Clark, because he used his own constructions of the asserted method claims that are inconsistent with the Court's constructions. (D.I. 159 at p.2).

### 1. Dr. Jamsa

Plaintiff contends that Defendant's invalidity expert Dr. Jamsa should be precluded from testifying because he did not use the clear and convincing standard or the presumption of validity. (D.I. 159 at pp.3-5). Defendant counters that Dr Jamsa's failure to offer opinions on legal standards has no legal relevance because that is not the role of the expert. (D.I. 218 at 11-12). This Court agrees with Defendant.

---

[1] The Court of Appeals wrote under an earlier version of Rule 702, but the recent amendments to it were not intended to make any substantive changes.

2

Plaintiff has provided no legal support for the proposition that expert testimony on patent invalidity must be based on clear and convincing evidence that presumes the validity of the patent. (*See* D.I. 159 at p.3).[2] Instead, clear and convincing evidence is used to overcome a patent's presumption of validity to persuade a factfinder, normally a jury, that the patent is invalid. *See generally Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238 (2011). The Federal Circuit has explained: "The challenged patent enjoys a presumption of validity, and the challenger must convince a third-party decision maker of the patent's invalidity by clear and convincing evidence. And, in litigation, all relevant evidence is presented to the fact finder in a single proceeding." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation*, 676 F.3d 1063, 1080 n.7 (Fed. Cir. 2012) (citations omitted). Such evidence might include expert opinion.

The cases cited on page 5 of Plaintiff's brief and pages 4-5 of Plaintiff's reply brief broadly support the proposition that an expert cannot base a decision on incorrect legal standards, not that an expert must use the clear and convincing standard for his or her opinions on patent invalidity. (*See* D.I. 159 at p.5; D.I. 243 at pp.4-5).[3] It appears that Plaintiff is

---

[2] In the legal standard section of its brief, Plaintiff cites *Intellectual Ventures I LLC v. Xilinx, Inc.*, 2014 WL 1814384, at *2 (D. Del. Apr. 14, 2014), which explains that a party bears the burden of proving that its expert testimony is reliable. Reliability does not depend on whether the burden of proof is "preponderance of the evidence," "clear and convincing," or "beyond a reasonable doubt."

[3] Plaintiff's attorneys, whose candor is to be commended, cite in the reply brief a recent decision from the Eastern District of Wisconsin that undercuts Plaintiff's argument. *See Formax, Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, 2014 WL 3057116, at *2-3 (E.D. Wis. July 7, 2014) ("At trial, the question will be whether the jury is convinced by clear and convincing evidence—not whether [the expert] is. Presumably many experts are convinced by clear and convincing evidence—or even beyond a reasonable doubt—of their own opinions. ... Thus, to the extent [the expert] attempts to reach legal conclusions, those conclusions will be irrelevant in any event. What's important is his expertise and whether he can demonstrate to the jury, which will be instructed in the substantive law as well as the burden of proof."). I think the *Formax* court is exactly right.

3

implying that if an expert does not use the clear and convincing standard and the presumption of validity, she has based her testimony on incorrect legal standards. Clear and convincing evidence and the presumption of validity are not standards required of expert opinion on invalidity, but standards used by a factfinder. These are legal concepts that are for jury determinations, not for expert witnesses. This Court agrees with Defendant that Plaintiff has not provided legal support for the argument that Dr. Jamsa did not apply the correct legal standards.

Plaintiff argues that because Dr. Jamsa deferred to counsel for his opinions on invalidity pursuant to 35 U.S.C. § 112, and because portions of his report were written by counsel, his opinions should be excluded. (D.I. 159 at pp.5-7). Plaintiff cites to deposition testimony where Dr. Jamsa agreed that he deferred to counsel on § 112 determinations. (D.I. 159 at pp.6-7; *see* D.I. 159-2 at 33-35). Defendant responds that while Dr. Jamsa worked on his report as a collaboration, he found many of the prior art references and spent "over 250 hours" on the case. (D.I. 218 at 7; *see* D.I. 220 at 20). I am not convinced that these are Dr. Jamsa's opinions on the § 112 issues. I am quite sure that the legal citations (*e.g.*, D.I. 159-3 at ¶¶ 169, 170 and 175) are not only not his, but to cases that he has not read. Therefore, I expect that I will exclude the opinions in paragraphs 146-76 and 1568-71 of the report. I will, however, give Defendant an opportunity before trial to show that the § 112 opinions are indeed Dr. Jamsa's opinions. Upon request of the Defendant made no later than October 7, 2014, the Court will schedule a hearing where Dr. Jamsa can explain, and be cross-examined on, what he would testify about with respect to § 112. Thus, I will defer final decision on the § 112 opinions.

### 2. Dr. Clark

Plaintiff argues that Defendant's non-infringement expert, Dr. Clark, "repeatedly re-constured" the Court's construction of the terms "computer-aided" or "computer implemented."

4

(D.I. 159 at pp.7-10). This Court construed "computer-aided/computer implemented" to mean "each step of the method is performed by a computer." (D.I. 112 at 5). This Court explained that construction:

> The Court finds that the patents require that a computer performs the method. The patents clearly explain that the invention is "applicable to any subject that can be taught by a computer." (Col. 1 lines 66-67 of '208). However, while the recited method steps must be performed by a computer, there may be some human involvement. Indeed, certain steps specifically describe human involvement, for instance where "the method allows the person to search." (Claim 9 of '888). Furthermore, as the claims use the term "comprising," additional steps may be performed without the use of a computer.

(D.I. 112 at 5).

Essentially, Plaintiff argues that Defendant focuses on the role of computers, all but ignoring that human involvement is not prohibited by the claims. (D.I. 159 at pp.7-10). Consistent with my construction, however, Dr. Clark does consider human involvement elsewhere in his testimony. (D.I. 218 at 14; D.I. 220 at 131-32). The evidence cited by Plaintiff about Defendant's re-construing the claims comes from his deposition testimony (D.I. 159 at pp.8-9), not his expert report. The absence of any citation to Dr. Clark's expert report suggests that at most, in the give and take of deposition, Dr. Clark may not have adhered perfectly to the Court's construction. If that is so, and I am not convinced that it is, I do not think the remedy is to exclude some portion of his testimony. Rather, counsel needs to make an appropriate objection at the appropriate time during his testimony.

### 3. Conclusion

In sum, for the above reasons, the Plaintiff's motion is **DEFERRED IN PART and DENIED IN PART**.

Entered this 2nd day of October, 2014.

/s/ Richard G. Andrews
United States District Judge